# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

RICHARD LYNN                          )
                                      )
      Plaintiff,                   )
                                      )
v.                                    )          CV621-080
                                      )
TIMOTHY C. WARD,                      )
STAND SHEPHERD,                       )
BRIAN ADAMS, *et. al*                 )
                                      )
      Defendants.                  )

## REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, Plaintiff Richard Lynn brings this 42 U.S.C. § 1983 action against Defendants concerning his confinement at Smith State Prison ("SSP") and Telfair State Prison ("TSP"). Doc. 18 at 4; *see also* doc. 1. Plaintiff's Motion to proceed *in forma pauperis* ("IFP") was initially denied and the Court recommended that his Complaint be dismissed because he failed to disclose his prior litigation to the Court so that it could ascertain whether Plaintiff was a so-called "three-striker" under the Prisoner Litigation Reform Act ("PLRA"). *See* doc. 6. However, Plaintiff filed an Objection, doc. 13, in which he purported to list his litigation history and admitted that he was

1

a "three-striker," but argued that he qualified for the PLRA's exception to the so-called "three strikes" rule allowing those who are in imminent danger to proceed IFP regardless of their prior filings. *Id.* In his Objection, Plaintiff asserted that the inmate who assaulted him continued to make death threats against him. *See id.*; *see also* doc. 15 at 3. Although the Court noted that Lynn's allegations of imminent danger stood "between those deemed sufficient to invoke the exception in *Smith* and those deemed insufficient in *Medbury*," the Court allowed him to proceed IFP pursuant to § 1915(g)'s imminent-danger exception. *See* doc. 15 at 3-4 (citing *Smith v. Dewberry*, 741 F. App'x 683, 686 (11th Cir. 2018); *Medbury v. Butler*, 185 F.3d 1189, 1191, 1193 (11th Cir. 1999)). The Court then directed Plaintiff to amend his complaint. *Id.* at 12.

After he filed his Amended Complaint, doc. 18, it was screened by the Court under PLRA, doc. 21. The Court determined that Lynn had stated a failure to protect claim against Defendants Williams, Thomas, Wilcox, and Ward, and the Court ordered that the Amended Complaint be served upon those Defendants. *See id.* at 18-19. The Defendants then timely filed their Motion to Dismiss, doc. 31, and Plaintiff has not

responded although the time for response has come and gone. *See* S.D. Ga. L. Civ. R. 7.5; *see generally*, docket.

While the Defendants' Motion to Dismiss argues that Plaintiff failed to exhaust his claims, in the Court's view, it most notably brings the Court's attention to Plaintiff's continued dishonesty. First, Defendants note that Plaintiff's attestations of continued imminent danger were no longer present when he filed his Amended Complaint because he had been transferred to a different facility where, presumably, he no longer faced the threat he faced at his prior prisons. *See* doc. 31 at 10. They thus argue that Plaintiff's "Amended Complaint lacks any specific allegation of contemporaneous imminent danger of serious physical injury and alleges only past constitutional violations and injuries that do not qualify under the PLRA's imminent danger exception." *Id.* Regardless of whether the threat continues to exist at the new facility, Plaintiff's failure to be forthcoming about the transfer and its impact on the existence of the continued threat in his Amended Complaint is suspicious at best.

On the urging of the Defendants, the Court has again reviewed Plaintiff's Amended Complaint. Plaintiff used the "Form to be Used by

Prisoners In Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983," which requires that prisoner plaintiffs disclose: (1) whether they have begun other lawsuits in state or federal court dealing with the same facts involved in the current action, (2) whether they have brought any federal lawsuits while incarcerated or detained in any facility dealing with facts other than those in the current case, (3) the disposition of any such lawsuits, and (4) whether they were allowed to proceed IFP in any such lawsuits, and if so, whether any such IFP case was dismissed as frivolous, malicious, or for failure to state a claim. *See, e.g.*, doc. 18 at 8-10. According to the form's instructions, if there is more than one such lawsuit, the additional lawsuits must be listed in the space provided or described on another piece of paper. *Id.* at 10. Additionally, if the plaintiff indicates that there are prior lawsuits, they are required to provide details regarding that lawsuit, such as the parties to the lawsuit, in which court it was filed, the name of the judge assigned, the docket number, and the approximate dates. *Id.*

Defendants point out that Plaintiff was noncompliant with any of these requests because he disclosed minimal and misleading information. While Plaintiff listed some of his prior suits in his motion for leave to file

an amended complaint, doc. 8, he did so only upon the court's threat of dismissal.  Not only was Plaintiff's list incomplete and evasive, when he filed his Amended Complaint, he immediately reverted to blatant dishonesty.  The Court's review of its docket and others reveals that, aside from the suit listed by Plaintiff and the present suit, Plaintiff has filed at least ten other lawsuits.  *See* doc. 31 at 9.  However, on the complaint form, Plaintiff disclosed only one case in response to the prompt which required him to list lawsuits he previously filed.  Doc. 18 at 8-9.  Additionally, in response to the prompt requiring Plaintiff to indicate whether he had filed any other lawsuits relating to the conditions of his imprisonment, Plaintiff wrote a checkmark upon the "yes" box and an "x" upon the "no" box, which is odd given that he did not place an "x" when prompted elsewhere, even if the answer was, in fact, "no," and of course he did not do so when the answer was "yes."  *See, e.g., id.* at 10 (marking with a checkmark the "no" response).  Most egregiously, Plaintiff blatantly lied in response to the next question, which states "[i]f your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below."  *Id.* at 10.  Plaintiff responded to each of those sub-questions with an "N/A," *see id.*, insinuating that

5

there were no applicable responses regarding prior parties, courts, dockets, judges, and filing dates to note. After stating the factual contentions asserted in this action, Plaintiff signed the Complaint, certifying that the information contained within it complied with Federal Rule of Civil Procedure 11, *id.* at 11, which as indicated on the form, requires that the signor certifies that the complaint "is not being presented for an improper purpose." *Id.* In other words, after the Court granted Plaintiff a second opportunity to present his allegations in a truthful manner, he squandered that opportunity with dishonesty.

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint, *Rivera v. Allin*, 144 F.3d 719 (11th Cir. 1998), and the practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. *See, e.g., Williamson v. Cnty. of Johnson, GA*, 2018 WL 6424776, at * 2 (S.D. Ga. Nov. 5, 2018), *adopted by* 2018 WL 6413195 (S.D. Ga. Dec. 6, 2018); *Hood v. Tompkins*, CV 605-094, doc. 4 (S.D. Ga. Oct. 5, 2005), *adopted* doc. 8 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006) (*per curiam*); *see also Redmon v. Lake Cty. Sheriff's Office*, 414 F. App'x 221, 223, 226 (11th Cir. 2011) (per

curiam) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit). Notably, the Southern District has dismissed cases brought by Plaintiff for this very reason. *See, e.g.*, *Lynn v. Ward*, 2019 WL 7903090, at *2 (S.D. Ga. Dec. 12, 2019), *adopted*, 2020 WL 703036 (S.D. Ga. Feb. 11, 2020).

Thus, Plaintiff has been informed in this case and in others: "pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court *must* dismiss an IFP action if the court determines that the action is 'frivolous or malicious.'" *Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021) (*per curiam*) (emphasis added) (citing 28 U.S.C. § 1915(e)(2)(B)(i)). Similarly, Plaintiff has been notified that "[a]n action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process." *Id.* Accordingly, Plaintiff was previously warned and was on notice of the importance of disclosing *all* his litigation history on the

7

Amended Complaint form. Therefore, the incomplete litigation history listed on his Motion to Amend is insufficient to meet the PLRA's mandate, considering he reverted to dishonesty on the Amended Complaint itself. *Young v. Sec'y Fla. Dep't of Corr.*, 380 F. App'x 939, 940-41 (11th Cir. 2010) (per curiam) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form).

Plaintiff's failure to provide the details of his litigation history is unacceptable considering this Court's prior warnings to him in this case and others regarding dishonesty. Plaintiff has maliciously filed his Amended Complaint. Having been warned that failure to disclose all prior civil cases may result in the dismissal of the current case, Plaintiff's disclosure of only one prior federal case, combined with the factual omission regarding whether he continues to face imminent danger satisfying the PLRA's exception for IFP filers, mandates that this case be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B). Thus, though the Court is mindful of the Defendants' other defenses, it declines to reach those arguments on account of the PLRA's explicit language.

Accordingly, the Court Recommends that Defendants' Motion to Dismiss, doc. 31, his case be **GRANTED**, and that Plaintiff's case be **DISMISSED** without prejudice as a sanction for the dishonesty.  This Report and Recommendation (R&R) is submitted to the district court judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 30th day of August, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA